In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition for an opportunity to ballot by providing for write-in candidates pursuant to Election Law § 6-164 in a *711 primary election to be held on September 14, 2010, for the nomination of the Conservative Party as its candidate for the public office of Representative in Congress from the 1st Congressional District, Mary Patricia Flynn, Douglas M. Dwyer, and Terrence Flanagan appeal from a final order of the Supreme Court, Suffolk County (Whelan, J.), dated August 20, 2010, which, after a hearing, granted the petition to invalidate the opportunity-to-ballot petition.
Ordered that the final order is reversed, on the law and the facts, without costs or disbursements, the petition, inter alia, to invalidate the opportunity-to-ballot petition is denied, the proceeding is dismissed, and the Suffolk County Board of Elections is directed to conduct a primary election on September 14, 2010, giving members of the Conservative Party an opportunity to write in the name of a person for the nomination as the candidate of the Conservative Party for the public office of Representative in Congress from the 1st Congressional District.
The petitioners failed to meet their burden of establishing that the signatures on the petition for an opportunity to ballot which were witnessed by notary public canvassers Richard Bronchick and Jean M. Lawry (hereinafter together the notary canvassers) should have been invalidated on the ground that the notary canvassers received compensation in excess of that authorized by Executive Law § 136 (1) and Public Officers Law § 67 (2).
Assuming, arguendo, that the notary canvassers were compensated at a rate other than that set forth in Executive Law § 136 (1) and Public Officers Law § 67 (2), that error would not mandate the invalidation of the signatures witnessed by those notary canvassers. Such an error is unrelated to the genuineness of the signature or act witnessed, does not violate the Election Law’s prohibition of per-signature payment (see Election Law § 17-122 [4]), and does not encourage the notary canvassers to forge signatures not in fact obtained.
Since the validation of the signatures collected by the notary canvassers yielded a total number of valid signatures sufficient to support the appellants’ petition for an opportunity to ballot, the Supreme Court’s final order granting the petition to invalidate must be reversed, the petition must be denied, and the proceeding dismissed.
In light of the foregoing, we need not reach the parties’ remaining contentions. Angiolillo, J.P, Dickerson, Eng, Belen and Lott, JJ., concur.